IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 1 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

)   case #
)
**ADELINE VALES**                )
  *Plaintiff,*                   )
 v                               )
                                 )
**MIDLAND CREDIT MANAGEMENT**    )
**INC., MIDLAND FUNDING, LLC,**  )
**ENCORE CAPITAL GROUP, INC., &**)
**FREDERICK J. HANNA &**         )
**ASSOCIATES, P.C.**             )
  *Defendant,*                   )

**1:14-CV-2590**

## COMPLAINT FOR VIOLATIONS OF THE FCRA, TCPA, AND FDCPA
## JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. §1331 and 28 U.S.C. § 1337, 47 U.S.C. §227(b)(3).

2. All conditions precedent to the bringing of this action has been performed.

3. This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq (FCRA) by Defendants, Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group Inc.,

FREDERICK J. HANNA & ASSOCIATES, P.C. In addition, there are violations of the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq. (FDCPA) by all Defendants via multiple invasion of Plaintiff's personal privacy by Defendants in their illegal efforts to collection a non-existent alleged consumer debts purported to be owed by Plaintiff, hereafter ("alleged account") as set forth below. Plaintiff seeks statutory, actual and punitive damages cost and any attorney's fees. Defendant Midland Funding, LLC, in violation of the Telephone Communication Practices Act (TCPA) . 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

4. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

5. The Plaintiff in this lawsuit is Adeline Vales ("Plaintiff"), a natural person, who resides in Cobb County, Georgia and is a consumer as defined by the 15 U.S.C §1681a(c) and 15 U.S.C §1692a(3).

6. The Defendant, Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15 U.S.C §1681a(6), and a for profit corporation organized in Delaware, which has its principle place of business located

in San Diego, CA, lists its San Diego Operations address as 8875A Aero

Drive, Suite 200, San Diego, CA 492123 and maintains Corporation

Service Company, 2711 Centerville Road, Suite 400,Wilmington DE

19808, as its registered agent for service of process. Encore uses

instrumentality of interstate commerce or the mails in a business the

principle purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debt so

wed or due, or asserted to be owed or due another.

7. Defendant Midland Funding, LLC, ("Midland") is a "debt collector" as

defined by 15 U.S.C. § 1692a(6) a, "furnisher of information" as defined

by l5 U.S.C. § 1681s-2, a "user of information" as defined by 15U.S.C.

§ 1681s-2, a "user of information" as defined by 15 U.S.C § 1681m, and

a for profit limited liability company organized in Delaware that is a

wholly owned subsidiary of Encore, and maintain Corporation Service

Company, 40 Technology Parkway South, Suite #300, Norcross,

Georgia 30092 in Gwinnet County as its registered agent for service of

process.

8. Midland uses Instrumentality of interstate commerce or the mails in a

business the principle purpose of which is the collection of any debts,

and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

9. Defendant Midland Credit Management, Inc. ("MCM") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) a, "furnisher of information" as defined by 15U.S.C. § 1681s-2, a "user of information" as defined by 15 U.S.C § 1681m, and a for profit limited liability company organized in Delaware that is a wholly owned subsidiary of Encore, and maintain Corporation Service Company, 40 Technology Parkway South, Suite #300, Norcross, Georgia 30092 in Gwinnet County as its registered agent for service of process. MCM uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant FREDERICK J. HANNA & ASSOCIATES, P.C, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) a, "user of information" as defined by 15 U.S.C § 1681m, and a for profit limited liability company and also an Attorney firm whose address is 2253 Northwest Parkway, Marietta, GA 30067.

11.  MCM, Midland and Encore are in fact, separate entities; as such MCM, Midland and Encore have all been named as Defendants in this Complaint.

12.  According to the California Secretary of State website, MCM, Midland and Encore, operate out of the same address which is listed as 8875 Aero Drive, Suite 200, San Diego, CA 92123.

13.  Upon information and belief Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a Law Firm whom is authorized to do business in Florida.

## GENERAL ALLEGATIONS

14.  Plaintiff obtained her consumer credit reports from all three of the major consumer credit reporting agencies in on May 24, 2014 and June 5, 2014 and found entries by entities that she was unfamiliar with.

15.  Plaintiff, after a thorough examination of her report found Defendant MCM has acquired her credit report from TransUnion on May 5, 2014.

16.  Plaintiff, after a thorough examination of her report found Defendant Frederick J. Hanna & Associate has acquired her credit report from TransUnion on December, 10, 2013.

17. Plaintiff had never had any business relationship of any kind with MCM or Frederick J. Hanna & Associate.

18. Plaintiff believes that MCM's inquiry of Plaintiff's consumer credit report was for the purpose of inquiring information for a lawsuit filed against plaintiff.

19. Defendant Midland currently has a pending case in the Magistrate court of Cobb county, Georgia against Plaintiff dated April 11, 2014.

20. Defendant MCM violated Plaintiff's civil rights under the Fair Credit Reporting Act, and now has added further damage to Plaintiff by obtaining Plaintiff's credit report with false pretenses and during litigation.

21. The FCRA prohibits any person from using or obtaining a consumer report for other than permissible purposes 1681b(f). Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs. 1681n-o.

22. Willful violations may also result in punitive damages, 1681n. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, imprisoned (up to 2 years) or both. 1681q.

23. On or about August 15th, 2013, Midland sent a notice to Plaintiff titled "NOTICE OF NEW OWNERSHIP AND PRE LEGAL REVIEW" stating that "On 08-08-2013, your Fia Card Services, N.A. account was sold to Midland Funding LLC, and Midland Credit Management, In.. (MCM), a debt collection company, will be collecting on, and servicing your account.

24. The notice to Plaintiff also stated that the current balance is $6,030.75. A 7% interest rate has been applied, which is 436.11.

25. On or about September 13, 2013, Plaintiff received a call from Midland on her cell phone without her prior express consent.

26. On or about October 5th, 2013 Plaintiff received another call from Midland on her cell phone without her prior express consent.

27. Both call originated from an ATDS machine. When the calls were eventually answered, the caller identified themselves as Midland.

28. Further study of the Consumer Protection statutes has revealed that the use of ATDS equipment and calling without prior expressed consent does in fact constitute violation of the Telephone Consumer Protection Act. 47 U.S.C. 227 et al.

29. On or about June 12th, 2014 Plaintiff disputed the entries placed on her TransUnion credit report by the Defendants.

30. On or about June 24, 2014 Plaintiff sent a Certified "Notice of Pending Lawsuit" letter to Defendants via c/o FREDERICK J. HANNA & ASSOCIATES, P.C. Defendants have not responded to date.

31. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and that Plaintiff is obligated to pay them.

32. Plaintiff denies ever having established any business relationship, or contractual agreement for credit, loans, or services with any of the Defendants.

33. Encore, at least" indirectly" engaged in the attempted collection of an alleged consumer debt after it had been disputed and without providing the validation timely demanded by Plaintiff. Encore is a debt buyer that owns Midland Funding LLC and Midland Credit Management.

34. MCM and Midland operate as a debt buying and collection enterprise.
Encore is not simply a parent holding company, though it owns one
hundred percent of the shares and interests in MCM and Midland. All
three Defendants operate as parts of a single business operation yet
routinely violate federal consumer protection statutes separately. Encore
provides management and decision-making Midland exists as an
employee-less paper entity that holds title to the enterprise's purchased
debt portfolios and MCM operates as the front for contact with the
targeted debtor-consumers calling itself the "servicer" of the Defendant's
alleged accounts.

35. On its webpage, Encore explains that, "Encore Capitol Group, Inc.
(Encore), through its subsidiaries (collectively, the **Company**), is a
leading provider of debt management and recovery solutions for
consumers and property owners across abroad range of assets. We
purchase portfolios of defaulted consumer receivables at **deep discounts**
to face value and use a variety of operational channels to maximize our
collections from these portfolios. We manage our receivables by
partnering with individuals as they repay their obligations and work
toward financial recovery."

36. By their own admission, the Defendants purchase information on accounts for far less than the amounts owed however they misrepresent the amount they have at risk by attempting to collect from consumers who are led to believe they are satisfying a debt they *may or may not* have owed to an original creditor when in reality any original creditor will not be paid a single penny. By law the original creditor still has the right to collect as well even if the consumer is duped into paying the information buyer.

37. Encore does not operate independent of MCM and Midland. It does not have separate management or separate business and income. Instead, i t serves as the name of the Encore family of subsidiaries all of whom are interrelated and inseparably operated as a single business operation that is engaged in the business of purchasing consumer credit information and attempting to collect after paying pennies on the dollar for said information. Each of these entities however commits violations against consumers individually as if they were in fact separate entities.

38. When purchasing portfolios of debt information, the Defendants make an intentional business decision not to obtain competent evidence as to

whether written contracts exist between the original creditor so f the

debts and the consumer so, if there was other documentation showing

when or how the debts were incurred.  There is little to no

documentation beyond very rudimentary information which would allow

them to calculate the amount of debt owed by a consumer ie; name, last

known address telephone number, social security number, amount

alleged to be due, name of original creditor, original account number and

current owner of the debt.

39. Each Defendant actively participated in the acts or omissions which are

the subject of this suit and sought to benefit from the actions alleged in

this complaint.

40. Defendants have never provided any signed verification or validation

or accounting of any alleged accounts or copy of any signed contract or

agreement.

41. TransUnion, Equifax and Experian are consumer reporting agencies as

defined by the FCRA, 15 U.S.C. § l68la(f).

42. The FDCPA prohibits debt collectors, including debt buyers from

seeking to recover on unverified debts but doesn't bar the reselling of

such debts to other purchasers which likely contributes to collectors

seeking to recover from the wrong consumer or the wrong amount.

43. The FTC used compulsory process in the study and focused on large debt buyers one of which was ENCORE CAPITAL GROUP. INC.

44. According to the FTC, on average the debt buyers pay in a range from 2.2 to 7.9 cents on the dollar of amount of the alleged debt and are fully aware there is no guarantee of the validity or accuracy of the information they purchase.

45. In many purchase and sale agreements, sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of the sale. Thus the buyer knowingly purchases "as is" and is therefore fully aware of the possibility of the information regarding an individual alleged account may be false or largely inaccurate.

## COUNT I
## DEFENDANT MIDLAND'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT  47 U.S.C. §227(b)(1)(A) (iii)

46. Paragraphs 1through 45 are re-alleged as though fully set forth herein.

47. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

48.  Defendant has demonstrated willful or knowing non-compliance with

47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number,

which is assigned to a cellular telephone service contrary 47 U.S.C.

§227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United
States, or any person outside the United States if the recipient is within the
United States—

   (A) to make any call (other than a call made for emergency purposes or
made with the prior express consent of the called party) using any
automatic telephone dialing system or an artificial or prerecorded
voice—

      (iii) to any telephone number assigned to a paging service, cellular
telephone service, specialized mobile radio service, or other radio
common carrier service, or any service for which the called party
is charged for the call;

## COUNT II
## DEFENDANT MIDLAND'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)

49.  Plaintiff alleges and incorporates the information in paragraphs 1

through 48

50.  Defendant has demonstrated willful or knowing non-compliance with

47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more

than once during a 12 month period.

51. Defendant called the Plaintiff's cellular phone, contrary to 47 U.S.C.

§227(b)(2)(5).

**WHEREFORE,** based on facts set forth in the above counts, Plaintiff

demands.

    a. Statutory damages, payable by Defendant.
    b. Fees and costs pursuant to O.C.G.A. 44-5-60(e)e
    c. Such other relief as may be just.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 FOR WILLFUL & NON–COMPLIANCE BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC. AND FREDERICK J. HANNA ASSOCIATE, PC.

52. Paragraphs 1through 51 are re-alleged as though fully set forth herein.

53. Discovery of violations brought forth herein occurred from May of

2014 to present and are within the statute of limitations as defined in the

FCRA, 15U 15 U.S.C. §1681p.

54. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C.

§1681 a(c).

55. TransUnion, Equifax and Experian are credit reporting agencies within

the meaning of the FCRA 15 U.S.C. §1681 a(f).

56. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681 a(d).

57. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

58. Such permissible purpose as defined by 15 U.S.C. §1681b are generally if the consumer makes application for credit, makes application for employment, for underwriting of Insurance involving the consumer, or is offered a bona fide offer of credit as a result of the Inquiry.

59. Defendant has never had any business dealings or any accounts with, made application for Credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant, MCM.

60. On May 13 of 2014 MCM obtained the TransUnion consumer credit report of Plaintiff without a permissible purpose in violation of the FCRA, 15 U.S.C. §1681 a(b). Plaintiff had no account whereby MCM could claim permissible purpose and said actions were a clear violation of her privacy.

61. At no time did Plaintiff give her consent for MCM or Frederick Hanna to acquire her consumer credit report from any credit reporting agency.

Adeline Vales vs MCM, MIDLAND, ENCORE CAPITAL & FREDERICK J. HANNA   Page **15** of **23**

62. The actions of MCM and Frederick Hanna obtaining the consumer credit report of Plaintiff with no permissible purpose or her express consent was a willful violation of FCRA, 15 U.S.C. § 1681b committed with actual malice and an egregious violation of Plaintiff's right to privacy.

63. At no time has MCM or Frederick Hanna ever provided any valid justification they may have had for obtaining Plaintiff's credit report or reporting false information to the credit reporting agencies MCM had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and the defendants breached said duty. There was no account that MCM and Frederick Hanna had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

64. Plaintiff made multiple attempts to dispute and provided ample opportunity for Frederick Hanna and his Clients to engage in mitigation of damages and reach a settlement for their violations before taking civil action against them. PLAINTIFF was not able to settle this matter with the Defendants prior to litigation however that was not for lack of trying.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, MIDLAND CREDIT MANAGEMENT and FREDERICK J. HANNA, ASSOCIATE, PC for statutory damages for each violation, actual damages punitive damages to be decided at trial and any attorney's fees and costs pursuant to l5 U.S.C. § l68ln.

## COUNT IV

## VIOLATION OF THE, FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. g 1681, WILLFUL NON-COMPLLANCE BY DEFENDANT MIDLAND FUNDING, LLC.

65. Paragraphs I through 64 am re-alleged as though fully set forth herein.

66. At no time has Midland ever provided any valid justification they may have had for reporting false information to the credit reporting agencies even though Plaintiff made a timely demand that they do so. Midland had a duty to properly ascertain if there was any legitimate account belonging to PLAINTIFF before reporting such information to the credit reporting agencies. Midland breached said duty. There was no account that Midland had any right to collect to have had lawful standing and authority to report on PLAINTIFF's credit reports and therefore PLAINTIFF is entitled to damages for breach of said duty.

67. Plaintiff made multiple attempts to dispute and provided ample

    opportunity for Midland to engaging mitigation of damages And

    reaching settlement f or their violations before taking civil action against

    them. PLAINTIFF was not able to settle this matter with Midland prior

    to litigation however it wasn't for lack of trying.

    **WHEREFORE**,  Plaintiff demands judgment for damages

    against defendant, M IDLAND FUNDING LLC for statutory damages

    for each violation, actual damages punitive damages to be decided at

    trial and any attorney's fees and costs pursuant to 15 U.S.C §1681n.

## COUNT V

### VIOLATION OF THE, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. g 1692, BY DEFENDENTA WILLFUL NON-COMPLLANCE BY DEFENDANT ENCORE CAPITAL GROUP, INC.

68. Paragraphs 1 through 67 are re-alleged as thoughtfully set forth herein.

69. Defendants MCM and Midland by reporting an "alleged" debt as a

    "debt collector" to a consumer reporting agency generated a

    "communication" in connection with the collection of a debt which they

    knew was incorrect and a violation of the FDCPA 15 U.S.C § 1692e(8).

70. Defendant Midland failed after initiating first communication in
    connection with the collection of a debt to provide the required" Thirty
    Day Validation Notice" or disclosures to Plaintiff which constitute as
    violation of the FDCPA 15 U.S.C. § 1692g(a)(12),) ,(3),(4),(5).

71. Defendant Midland failed after initiating first communication in
    connection with the collection of a debt to provide the required" Thirty
    Day Validation Notice" or disclosures to Plaintiff which constitutes a
    violation of the FDCPA 15U .S.C. § 1692g(a)(12),) ,(3),(4),(5).

72. The FDCPA requires that a "debt collector" cease collection efforts
    until debt is validated if a consumer has demanded such in a timely
    manner. Defendants MCM and Midland blatantly ignored PLAINTIFF's
    timely demand for validation and are still engaging in collection actions,
    resulting in multiple violations of 15 U.S.C. §1692g(b).

73. By its own admission on its web site, Encore provides management and
    decision-making for Defendants Midland and MCM.

74. Encore is therefore, complicit in each of the above FDCPA violations
    by and in direct consequence to its decisions to allow MCM and
    Midland to commits aid violations and in its continuing decision to

refuse to cease and desist until providing PLAINTIFF with timely demanded validation.

75. None of the three Defendant shave produced any evidence or factual documentation of any "alleged debt" PLAINTIFF could be responsible for and have continued to violate the consumer protection statutes.

76. PLAINTIFF has never had any business relationship with any of the four Defendants.

77. PLAINTIFF has no "alleged accounts" which any of the three Defendants could claim ownership of.

78. Defendants have produced no evidence or factual documentation of any alleged debt, PLAINTIFF could be responsible for but have violated Plaintiff's rights with impunity.

79. A purchase of PLAINTIFF's personal information does not constitute a contractual obligation between PLAINTIFF and any of the four Defendants.

80. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

**WHEREFORE**, PLAINTIFF demands judgment for damages

against each Defendant, MDLAND CREDIT MANAGEMENT, INC.,

MIDLAND FIJNDING, LLC., and ENCORE CAPITAL GROUP, INC.

for statutory damages, actual damages and any attorney's fees and costs

pursuant to 15 U.S.C. §1681et seq.

## DEMAND FOR TRIAL BY JURY

**Plaintiff hereby demands a trial by jury of all issues so triable as a
matter of law.**

Date: July 23rd, 2014

Respectfully Submitted,

*Adeline Vales*

Adeline Vales
1116 Woodland DR SE
Smyrna, GA 30080
addy_1985@bellsouth.net
941-875-5158

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent by first class mail USPS to counsel of record listed below for Defendant.

MIDLAND CREDIT MANAGEMENT INC., MIDLAND FUNDING, LLC, ENCORE CAPITAL GROUP, INC., and FREDERICK J. HANNA & ASSOCIATES, PC.

c/o Frederick J. Hanna & Associates, P.C.
2253 Northwest Parkway
Marietta, GA 30067

Corporation Service Company,
2711 Centerville Road, Suite 400
Wilmington DE 19808

MIDLAND CREDIT MANAGEMENT INC.
c/o Corporation Service Company,
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

MIDLAND FUNDING, LLC
c/o Corporation Service Company,
40 Technology Parkway South, Suite #300
Norcross, Georgia 30092

Dated:  July 23rd, 2014

_Adeline Vales_

Adeline Vales
1116 Woodland DR SE
Smyrna, GA 30080
addy_1985@bellsouth.net
941-875-5158

Adeline Vales vs MCM, MIDLAND, ENCORE CAPITAL & FREDERICK J. HANNA   Page **22** of **23**